IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARRENTON F. CREW : CIVIL ACTION

v. :

DEP'T OF CORR., et al. : NO. 12-2534

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                             February 27, 2013
United States Magistrate Judge

Presently before the court is a pro se habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the State Correctional Institution located in Chester, Pennsylvania. For the reason that follow, the court recommends that the petition be denied.

## I.     BACKGROUND

Petitioner does not contest his underlying convictions. Petitioner asserts, inter alia, that his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution have been violated by an improper calculation of his sentence, unjustified detention, and imprisonment beyond his term. (Petition ¶ 12; Pet'r's Mem. of Law at 4-5.) While petitioner was on parole for 1992 burglary convictions (CP 1190, Nos. 4187, 1671 and 5001), he was convicted of burglary and related offenses (CP 1103971) and sentenced to a term of imprisonment of five to ten years, plus ten years consecutive probation. See Ex. A (DC16E - Sentence Status Summary Closed Version 15); Ex. B. (Court Commitment Continuation Sheet); Ex. F. at ¶ 4 (Denise Wood Decl.); Ex. H (Sentence Status Summary Closed Version (dated 7/6/10)). Petitioner was convicted of counts 1 (burglary), 4 (criminal trespass), 5 (possession of

an instrument of crime) and 9 (criminal trespass) under CP 1103971. See Crew v. Dep't of Corr., No. 7 M.D. 2011, slip op. at 1 (Cmwlth. Ct. Jan. 19, 2012) (court dismissed petitioner's mandamus petition).

On July 16, 2007, the Pennsylvania Board of Probation and Parole (the "Board") recommitted petitioner as a convicted parole violator ("CPV") to prison as a result of the new convictions to serve backtime. See Ex. D (Board Decision). The Board did not include count 9 in its decision to revoke petitioner's parole, but noted count 9, which means that the sentence on count 9 would run concurrently to petitioner's backtime. See Exs. D, E and F at ¶ 7.[1] Once petitioner completed his backtime as a CPV, he was to be reparoled to serve the consecutive sentence on the new convictions. See Exs. F at ¶ 8, H.

Petitioner filed a petition for a writ of mandamus in the Commonwealth Court with regard to his sentence calculation. In a decision dated January 19, 2012, the DOC's preliminary objections were sustained and petitioner's petition for mandamus was dismissed. Crew v. Dep't of Corr., No. 7 M.D. 2011 (Commw. Ct. Jan. 19, 2012) ("Commonwealth Court Opinion") (Sur-Reply Ex. I). Petitioner's appeal to the Superior Court of Pennsylvania was dismissed as untimely. See Petition ¶ 12.

Petitioner filed the instant petition for a writ of habeas corpus on May 8, 2012 (Doc. No. 1), a package of Exhibits (Doc. No. 4), a Memorandum of Law in support of the petition (Doc. No. 10), a Reply to Respondents' Answer (Doc. No. 12 (corrected version)), and a Statement of Facts (Doc. No. 16). Petitioner contends that his sentence was amended without a

---

1. With respect to count 5 of the new convictions, petitioner received "an underlapping sentence of two and one-half to five years with a minimum date of September 3, 2012 and a maximum date of March 3, 2015." See Sur-Reply at ¶ 11.

hearing "nearly three years after conditions were started and imposed," without him being present and without "fair process and procedures concerning the deprivation of liberty." (Pet'r's Mem. of Law at 5-6.) Specifically, petitioner asserts that the Department of Corrections ("DOC") record room supervisor altered his minimum and maximum dates from March 16, 2012 and March 16, 2017, to March 3, 2015 and March 3, 2020. (Pet'r's Reply at 1.) Petitioner identifies the issues presented in his habeas petition as follows:

1. Possible Violation of constitutional rights and amendments, (due process right) (policies) and authorities.)

2. Exhibiting deliberate indifference to appellants [sic] plight.

3. Possible Imprisonment beyond ones [sic] term, constituting punishment and violation of the 8th amendment of the constitution, U.S.C.A.

4. Possible infliction of unjustified detention.

5. Possible deprivations of federal rights caused by officials under color of state law, 42 U.S.C.A. 1983 const. Amend. 11.

6. Possible Liberty interest federal & State law 14 Amend. U.S.C.A.

7. Standard Liability for public entities, which they serve 47 U.S.C. § 1983.

(Pet'r's Mem. of Law at 4-5.) In his habeas petition, petitioner also asserts a claim alleging a Fifth Amendment double jeopardy violation, see Petition at ¶ 12.

Respondents filed an answer to the petition (Doc. No. 7). The court, after noting inconsistencies regarding petitioner's sentence in exhibits attached to the response, ordered respondents to file a sur-reply. Respondents filed a sur-reply on December 6, 2012 (Doc. No. 15). Respondents admit that count 9 of the new convictions was mistakenly included in calculating petitioner's new minimum and maximum dates, even though the Board did not

3

include count 9 in its decision to revoke petitioner's parole and recommit him to serve backtime. See Sur-Reply at 7, Exs. D, F at ¶ 9, and H. Respondents contend that petitioner's correct minimum and maximum dates for count 9 are March 16, 2012 and March 16, 2017. See Ex. F at ¶ 10. Respondents state that they will "correct the mistake." See Sur-Reply at 7; Exs. F at ¶¶ 10, 12, G, and H. Respondents contend that this error is harmless since, once the error is corrected, the overall length of petitioner's sentence is unchanged; the correct minimum and maximum dates for petitioner's sentences (counts 1 and 4) on the remaining new convictions are March 3, 2015 and March 3, 2020. (Sur-Reply at 6-7.)

On December 27, 2012, petitioner filed a "Statement of Facts" in response to the sur-reply (Doc. No. 16). The record thus constituted, the court now considers the instant habeas petition.[2]

## II.    DISCUSSION

### A.    Habeas Corpus Standards

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any

---

2.    Respondents are correct that petitioner has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b). Petitioner's appeal from his mandamus action was rejected as untimely filed. See Petition at ¶ 12. Additionally, several of the claims petitioner raises in the habeas petition were not raised in the mandamus action or in any other state court proceeding. This court, however, will proceed under 28 U.S.C. § 2254(b)(2) and deny petitioner's habeas petition on the merits, notwithstanding his failure to exhaust state court remedies, in order to review for this pro se petitioner the DOC's error in calculating and/or recording the minimum and maximum dates for count 9 of the new convictions.

4

> claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

With respect to Section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Relief is appropriate only where the state court decision is also objectively unreasonable. Id. With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state courts, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

### B. Petitioner's Claims

The crux of petitioner's habeas claims is that the DOC improperly calculated and/or recorded the minimum and maximum dates for count 9 of his new convictions and that he is being held, or will be held, in excess of his sentence. In the sur-reply, respondents acknowledge the inconsistency discovered by the court regarding plaintiff's sentence and stated as follows: "While respondents admit that there was an error in calculating the minimum and maximum of count 9 of petitioner's current sentence, the mistake did not affect petitioner's overall minimum and maximum sentence of 3/3/2015 and 3/3/2020." (Sur-Reply at 2-3 (addressing sentence imposed on count 9 of petitioner's May 18, 2007 convictions (CP 1103971).) In greater detail, respondents explain petitioner's sentence structure, and the error, as follows:

> When the Pennsylvania Board of Probation and Parole (the "Board") recommitted petitioner to prison as a result of the new convictions, the Board did not include Count 9 of the new conviction in its decision to revoke his parole. See Notice of Board Decision, attached hereto as Exhibit D; Order to Recommit, attached hereto as Exhibit E; Ex. F at ¶ 7. The Board noted Count 9, which means that it would run concurrent to plaintiff's backtime. Ex. D. The other 3 counts would run consecutive to petitioner's backtime since he was a convicted parole violator. Ex. D, F at ¶¶ 8-9. Once petitioner completed his backtime as a result of the parole violation, he was reparoled to serve a new consecutive sentence in a State Correctional Institution on Counts 1, 4, 5 and 9. Ex. H, Ex. F at ¶ 8. At that time, his minimum date was 3/3/2015 and his maximum date was 3/3/2020 for Counts 1, 4, 5 and 9 of CP 1103971. Id. The new sentence mistakenly included Count 9 in this matter, even though the Board did not include that count in its decision to violate plaintiff's parole and recommit him to serve his backtime. Ex. H, D and Ex. F at ¶ 9.
>
> Petitioner's correct minimum sentence for Count 9 of CP 1103971 is 3/16/12 and his correct maximum is 3/16/2017. Ex. F at ¶ 10. DOC Records Administrator Denise Wood has prepared a new draft Sentence Status Summary to reflect the proper minimum and maximum sentences for Count 9 in this matter. See Sentence Status Summary Draft for Version 2, attached hereto as Exhibit G.

>   Since the correct minimum and maximum sentences for Counts 1 and 4 are 3/3/2015 and 3/3/2020, petitioner's current sentence will not change.

(Sur-Reply at 4-5.)

On review of petitioner's petition for writ of mandamus, the Commonwealth Court explained its dismissal of the petition as follows:

>   Petitioner responds that he is not challenging his recommitment as a convicted parole violator or the recalculation of his parole violation maximum. Petitioner argues that the DOC has a duty to carry out the trial court's sentencing order and that DOC unilaterally modified his new sentence, changing his release date three years after it was imposed. He appears to argue that DOC unilaterally altered the terms of his new sentences by failing to run the new sentences concurrent with the parole violation sentence.
>
>   The Department of Corrections has a duty to credit an inmate with all statutorily mandated periods of incarceration; it lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions. McCray v. Dep't of Corr., 582 Pa. 440, 872 A.2d 1127 (2005). Under the Prisons and Parole Code, a parolee who commits a crime punishable by imprisonment for which the parolee is convicted, may be recommitted as a parole violator. 61 Pa. C.S. § 6138(a)(1). If the parolee's recommitment is so ordered, the parolee shall be recommitted to serve the remainder of the term he would have been compelled to serve had parole not been granted, with no credit for time at liberty on parole. 61 Pa. C.S. § 6138(a)(2). Sentences for crimes committed on parole must be served consecutively with the time remaining on the original sentence. 61 Pa. C.S. § 6138(a)(5).
>
>   The facts pleaded and exhibits attached to the petition for review reflect that petitioner's parole violation recommitment was based on his new conviction for Counts 1 . . ., 4 . . . and 5 . . .; therefore, the sentences for those counts must run consecutive to the original sentences, 61 Pa. C.S. § 6138(a)(5), and DOC listed then as detainer or reentry sentences. For reasons not explained by petitioner's factual averments or his exhibits, he was not recommitted for his conviction for Count 9 . . .. As a consequence, the sentence for Count 9 need not run consecutive to the original sentence. DOC accordingly deleted the detainer for that sentence, and the sentence status summary shows that sentence to be running concurrent with the original sentence.

Commonwealth Court Opinion at *5-*7.

1. **Due Process**

In this habeas claim, petitioner contends that

> Due process of law guaranteed by the Fourteenth Amendment based on petitioner's sentence was amended without a hearing nearly 3 years after conditions were started and imposed. Three aspects of due process are relevant here. (1) The unfairness of gross delay in correcting a sentencing error (if any was ever made) (2) the right to be present or notified at any sentencing proceedings or changes of status. And (3) the right to fair process and procedures concerning the deprivation of liberty.

(Pet'r's Mem. of Law at 5-6.)

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Substantive due process protects against the arbitrary or oppressive exercise of government power. Evans v. Sec. PA Dep't of Corr., 645 F.3d 650, 658-59 (3d Cir.) (citations omitted), cert. denied, 132 S.Ct. 349 (2011). With respect to substantive due process, the question is whether the governmental behavior is so egregious and so outrageous that it may be said to shock the conscience. Id. at 660 (quotation and citation omitted). "Negligently inflicted harm . . . will never be conscience shocking." Id. (quotation omitted). Procedural due process is implicated if the petitioner had a liberty interest in his release that cannot be infringed without procedural protections such as notice and a hearing. Id. at 659 (citations omitted).

Petitioner is correct that an error occurred in the calculation and/or recordation of the minimum and maximum dates of his sentence with respect to the sentence for count 9 of his new convictions. As noted above, this sentence was to run concurrently with his original sentence. That error has been corrected and had no impact on petitioner's overall sentence. Thus, while there may have been a delay in correcting this error, petitioner fails to establish that

he suffered any harm resulting from the error. See Fry v. Pliler, 551 U.S. 112, 116 (2007) (to obtain relief, habeas petitioner must show that error has substantial and injurious effect upon his sentence). Neither the delay in correcting the error, nor any other action by the governmental entity is so egregious and so outrageous that it may be said to shock the conscience. See Evans, 645 F.3d at 660-61 (noting cases in which a prisoner is mistakenly released then re-incarcerated to complete a sentence do not shock the conscience to establish a due process violation). Here, the delay in correcting the error regarding one aspect of petitioner's sentence had no impact on petitioner's overall sentence, and does not constitute a substantive due process violation.

With respect to procedural due process, petitioner has identified no sentencing hearings at which he was not present, nor has he identified a "deprivation of liberty" that he has suffered.[3] Petitioner had available to him avenues to pursue in the state courts seeking relief. Petitioner challenged the calculation of his sentence in a mandamus action in the state court; his appeal therefrom was denied as untimely. Petitioner has failed to show a violation of procedural due process.

Giving this pro se petitioner the benefit of every doubt, petitioner may be contending that violations of state law regarding his sentence occurred. See Pet'r's Mem. of Law

---

3. In his Memorandum of Law, petitioner cites to the following as support for his assertion that the Board and/or DOC imposed a new sentence: "cc to ct 1 (crew [sic] Warrenton) removed, P.B.P.P. noted, this conviction will be concurrent with C.P.V. Back time. also, [sic] to delete from detainer status case # CP3971-ct 9. otn. n 33553981 D.O.C. as of the date 9/19/2007." (Pet'r's Mem. of Law at 6.) This notation supports the respondents' explanation of the error that occurred regarding the calculation and/or recordation of the minimum and maximum dates for count 9 of petitioner's new convictions. The detainer sentence designation for the count 9 sentence was removed and that sentence was to be served concurrently to petitioner's original sentence. Petitioner's sentence did not change, but the notation regarding the count 9 sentence was corrected in the DOC records to reflect the proper calculation and/or recordation of the minimum and maximum dates for count 9.

at 6 (citing Pennsylvania statutes). Generally, violations of state law, standing alone, will not entitle a petitioner to federal habeas relief, absent a showing that those violations are so great as to be of a constitutional dimension. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas courts are not permitted to review questions of state law); Wainwright v. Skyes, 433 U.S. 72, 81 (1977) (questions of state substantive law not cognizable on federal habeas review); Priester v. Vaughn, 382 F.3d 394, 401-02 (3d Cir. 2004) (same), cert. denied, 543 U.S. 1093 (2005). With respect to sentence length, the state court's sentencing discretion is unreviewable by a federal habeas court provided that the sentence lies within statutory guidelines, it is not based upon arbitrary considerations, and the petitioner's constitutional rights were not violated. See Townsend v. Burke, 334 U.S. 736, 741 (1948) (when a state "sentence [is] within the limits set by the statute, its severity would not be grounds for [habeas] relief"); Jones v. Sup't of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984) (a challenge to a state court's sentencing discretion is not cognizable in a federal habeas proceeding).

Here, petitioner does not contend that his sentence fell outside the statutory guidelines. Petitioner also does not contend that the sentence as imposed by the court was based upon arbitrary considerations. In fact, petitioner does not contest the sentence as imposed by the court. Because the length of petitioner's sentence does not offend petitioner's constitutional rights, petitioner's claim fails to raise a cognizable habeas claim that justifies habeas review. For all these reasons, petitioner's claim asserting violation of the Fourteenth Amendment should be denied.

## 2. Unjustified Detention

In four of his habeas claims, petitioner asserts that he has been held, or will be held, past the expiration of his sentence. There claims are: (1) "exhibiting deliberate indifference to [petitioner's] plight;" (2) "possible imprisonment beyond ones [sic] term, constituting punishment and [sic] violation of the 8th amendment of the constitution;" (3) "possible infliction of unjustified detention;" and (4) "possible Liberty interest federal & State law 14 Amend U.S.C.A." (Pet'r's Mem. of Law at 4-5.) The first and third of these claims do not state a cognizable claim in this habeas proceeding. Only petitioner's second and fourth claims listed above, asserting violations of the Eighth Amendment and the due process clause of the Fourteenth Amendments of the United States Constitution, assert potentially viable federal habeas claims. The court addressed petitioner's due process Fourteenth Amendment claims above, and will address the Eighth Amendment claim now.

Petitioner asserts that respondents violated his Eighth Amendment rights to be free from cruel and unusual punishment because he has been imprisoned, or will be imprisoned, in excess of his prison sentence.[4] The Eighth Amendment to the United States Constitution prohibits infliction of cruel and unusual punishments on those convicted of crimes. See Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). To state a claim under the Eighth Amendment, an

---

4. Petitioner's assertion that he may be imprisoned beyond the term of his sentence does not state a claim for which habeas relief may be granted. Habeas relief is not available for possible future violations of the Constitution, laws or treaties of the United States. Section 2254(a) directs that a district court shall entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 42 U.S.C. § 2254(a). Habeas relief is not warranted where a petitioner speculates that he may be in such custody at some time in the future. Petitioner's claims asserting possible future violations are not cognizable in this habeas petition.

inmate must allege both objective and subjective components. Castolli v. FBOP, 2006 WL 1764400, at *5 (D.N.J. June 23, 2006) (considering an Eighth Amendment claim raised in a habeas petition brought pursuant to 28 U.S.C. § 2241) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The objective component requires that the petitioner allege "deprivations denying 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes, 452 U.S. at 346). The subjective component requires proof that the state actor acted with deliberate indifference to a substantial risk of harm to the petitioner. Id.

Petitioner has failed to satisfy the objective component because he has failed to allege "deprivations denying 'the minimal civilized measure of life's necessities.'" In fact, petitioner has alleged no deprivations at all. Petitioner has not been imprisoned in excess of his sentence. Moreover, petitioner has not shown that respondents acted with deliberate indifference to a substantial risk of harm to petitioner.

Even if the court were to consider all four of these claims, the facts do not support petitioner's contentions. The correct minimum and maximum dates for count 9 of his new convictions are March 16, 2012 and March 16, 2017. Petitioner's minimum and maximum dates for the count 9 conviction are earlier than those dates for his other convictions because the count 9 sentence was to run concurrently to petitioner's original sentence on the prior convictions. The minimum and maximum dates for the other new convictions are March 3, 2015 and March 3, 2020; the sentences for these convictions run consecutively to petitioner's original sentence. While petitioner is correct that an error was made in the calculation and/or recordation of his minimum and maximum dates for the count 9 conviction, the calculation of his overall minimum

12

and maximum dates was correct. The error with respect to count 9 did not extend his overall prison sentence. For all of these reasons, these claims for habeas relief should be denied.

### 3. 42 U.S.C. § 1983

Petitioner states two habeas claims related to 42 U.S.C. § 1983. In full, petitioner states as follows regarding these claims: (1) "Possible deprivations of federal rights caused by officials under color of state law 42 U.S.C. 1983 const. Amend. 11."; and (2) "Standard Liability for public entities, which they serve 47 U.S.C. § 1983."[5] (Pet'r's Mem. of Law at 5.)

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). Heck bars a petitioner from attacking the fact or duration of his incarceration through 42 U.S.C. § 1983 where that conviction or sentence has not been declared invalid. Id. at 482-83.

Here, petitioner has not filed a complaint seeking monetary damages pursuant to 42 U.S.C. § 1983. See Heck, 512 U.S. at 481 (claims brought under section 1983 seek monetary relief). Rather, he filed a habeas petition pursuant to 28 U.S.C. § 2254 and cited therein 42 U.S.C. § 1983 as grounds for habeas relief. In such a situation, especially where the habeas petitioner is proceeding pro se, the court should carefully analyze the claims to determine whether they should be interpreted as habeas claims or claims seeking monetary relief under 42 U.S.C. § 1983. See Mendoza v. DiGuglielmo, 2009 WL 2232476, at *1 (E.D. Pa. July 24, 2009). See also Pressly v. H.H. Gregory, 831 F.2d 514, 518 (4th Cir. 1987) (plaintiff filed §

---

[5] In the second of these two claims, petitioner cites to 47 U.S.C. § 1983. The court assumes this pro se petitioner intended to cite to 42 U.S.C. § 1983.

1983 complaint and the court held that: "Merely because a plaintiff is flying the banner of 42 U.S.C. 1983, . . . does not prevent a court from construing the action as one for habeas relief under 28 U.S.C. § 2254, particularly when the goal of the plaintiff is to challenge the validity of his incarceration.") (quotation omitted). Although petitioner cites to 42 U.S.C. § 1983 in his petition, he does not seek monetary relief. The sole relief sought by petitioner concerns the validity of his incarceration. Hence, the court should review these two section 1983 claims to determine whether petitioner has stated grounds for habeas relief.

Petitioner offers no facts to support his assertion that he is entitled to habeas relief with respect to these claims. Petitioner complains of "possible deprivations of federal rights" but does not elaborate further; thus, these claims are devoid of factual support. A federal district court should dismiss habeas corpus claims that are based on vague and conclusory allegations. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) ("vague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court") (citing United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988)); Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991) (vague and conclusory allegations fail to make sufficient showing to justify habeas relief); Mayberry v. Petsock, 821 F.2d 179, 187 (3d Cir.) (same), cert. denied, 484 U.S. 946 (1987); Hardy v. Commonwealth of Pennsylvania, 2012 WL 5287943, at *2 (E.D. Pa. July 31, 2012) (failure to allege sufficient facts to support habeas claim can lead to summary dismissal of the claim), Report and Recommendation adopted by 2012 WL 5288056 (E.D. Pa. Oct. 25, 2012). Petitioner's two claims citing to 42 U.S.C. § 1983 should be denied.

### 4. Fifth Amendment – Double Jeopardy

Petitioner asserts that the DOC's improper sentence calculation with respect to count 9 of the new convictions, and his parole revocation, violate the Fifth Amendment's double jeopardy clause. See Petition at Appendix. The Fifth Amendment is applied to the states through the Fourteenth Amendment, see Benton v. Maryland, 395 U.S. 784, 794 (1969), and protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. United States v. Baird, 63 F.3d 1213, 1215 (3d Cir. 1995).

None of these situations are implicated in this habeas case. Petitioner has not been subject to a second prosecution after an acquittal or a conviction. Nor is petitioner subject to multiple punishments for the same offense. The double jeopardy clause does not apply to parole revocation hearings and the revocation of parole and recommitment to prison does not constitute a second sentence or punishment in violation of the double jeopardy clause. See Hayes v. Muller, 1996 WL 583180, at *4 (E.D. Pa. Oct. 10, 1996) (citing cases); United States ex rel. Clure v. Patton, 624 F.Supp. 56, 61 (E.D. Pa. 1985) (parole revocation proceedings do not implicate the risks contemplated by the double jeopardy clause); Fisher v. Palakovich, 2007 WL 140995, at *4 (M.D. Pa. Jan. 17, 2007) ("imposition of confinement when an offender violates his term of probation has never been considered to raise a serious double jeopardy problem") (quoting Ralston v. Robinson, 454 U.S. 201, 220 n.14 (1981)). For these reasons, petitioner's Fifth Amendment claim should be denied.

### III. CONCLUSION

Accordingly, the court makes the following:

### R E C O M M E N D A T I O N

AND NOW, this 27th day of February, 2013, the court respectfully recommends that the petition for a writ of habeas corpus be **DENIED** and no certificate of appealability ("COA") be granted.[6]

Petitioner may file objections to the Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

5. The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARRENTON F. CREW : CIVIL ACTION

v. :

DEP'T OF CORRS., et al. : NO. 12-2534

## ORDER

AND NOW, this       day of            , 2013, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is **DENIED**; and

3. A certificate of appealability is not granted.

BY THE COURT:

_____
LEGROME D. DAVIS,      J.